■ McCurdy & Co., Inc., Appellant, v Emil Muller, Respondent.—Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: Plaintiff operates a retail department store in the Town and Country Plaza in Geneva, New York, and is a tenant in the plaza pursuant to a written lease. Defendant is the record owner of the leased premises. The underlying action arises from a dispute between the parties concerning the operation of a rent adjustment provision in the lease agreement. Under that provision, the rent for certain renewal periods would be "at the rate of fifty cents ($.50) per square foot per annum of space actually occupied by the Lessee hereunder." The original parties to the lease, plaintiff and Town and Country Plaza, Inc., also entered into an option to purchase agreement which stated that the rent adjustment clause would not take effect "provided the party of the first part [Town and Country Plaza, Inc.] has continued to be the record owner of the subject premises and only as long as it so continues to be such record owner". Following various transfers of ownership, defendant became the sole owner, in fee, of the plaza. Plaintiff thereafter commenced this action for a determination and declaration of the amount of rent due for the renewal term commencing Janu-

ary 1, 1987, and all renewals after that date, and for judgment in the amount of excess rent payments paid to defendant after January 1, 1987. Plaintiff moved for summary judgment, and Supreme Court granted the motion, in part, by declaring that "the rent adjustment clause * * * became operable, effective January 1, 1987". The court denied summary judgment, however, on the question of damages. Plaintiff appeals from that part of the order denying summary judgment as to damages, but defendant has not appealed from that part of the order declaring that the rent adjustment clause has become operable. We modify the order, and judgment entered thereon, to grant summary judgment to plaintiff on the issue of damages.

Throughout the history of their relationship, the parties have consistently agreed that the effect of the rent adjustment provision, if triggered, would be a reduction in rent. The papers submitted on the motion by both parties clearly demonstrate that intent. Moreover, in his affidavit in opposition to the motion, defendant calculated the rent as based upon 50,000 square feet of space which represents the square footage of the building occupied by plaintiff. Thus, we reject defendant's argument, made for the first time on appeal, that the area of "space actually occupied" for purposes of calculating the rent at 50 cents per square foot per annum is intended to include not only the square footage of the building but 136,000 square feet of parking lot as well. That construction obviously was never intended by the parties because it would have the effect of increasing the annual rent.

Accordingly, the judgment is modified to award plaintiff damages in the amount of its overpayments since January 1, 1987. Said damages are to be calculated based upon plaintiff's occupation of 50,000 square feet of space. (Appeal from order and judgment of Supreme Court, Monroe County, Mastrella, J. —declaratory judgment.) Present—Dillon, P. J., Doerr, Pine, Balio and Lawton, JJ.